## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

MIGUEL A. ROCABRUNA
29 Running Brook Lane,
Sterling, Virginia 20164

*1:12cv 512 LMB/TCB*

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,
SERVE: David N. Anthony, Registered Agent
          1001 Haxall Point
          Richmond, VA 23219

and

TRANS UNION, LLC.,
SERVE: Corporation Service Company, Registered Agent
          11 S. 12th Street
          Richmond, VA 23218

and

EQUIFAX INFORMATION SERVICES, LLC.,
SERVE: Corporation Service Company, Registered Agent
          11 S. 12th Street
          Richmond, VA 23218

## COMPLAINT

The Plaintiff, Miguel A. Rocabruna (hereafter "Plaintiff"), by counsel, and for his

Complaint against Defendants, alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and

attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. (Federal Fair Credit

Reporting Act or "FCRA").

## JURISDICTION

2. The jurisdiction of this Court is conferred by the FRCA, 15 U.S.C. § 1681(p) and 28 U.S.C. §1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) inasmuch as all of the Defendants maintain registered offices within the boundaries of the Eastern District of Virginia, Plaintiff resides in this District and Division and significant part of the Plaintiff's claim occurred in Virginia.

## PARTIES

4. The Plaintiff, MIGUEL A. ROCABRUNA ("Mr. Rocabruna"), is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

5. Upon information and belief, **EXPERIAN INFORMATION SOLUTIONS, INC. ("*Experian*")**, is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

6. Upon information and belief, *Experian* is a "consumer reporting agency," as defined by 15 U.S.C. § 1681(f). Upon information and belief, *Experian* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

7. Upon information and belief, *Experian* disburses such consumer reports to third parties under contract for monetary compensation.

8. Upon information and belief, **TRANS UNION, LLC. ("*Trans Union*")** is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

9. Upon information and belief, *Trans Union* is a "consumer reporting agency," as defined in 15 U.S.C. §1681(f). Upon information and belief, *Trans Union* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

10. Upon information and belief, *Trans Union* disburses such consumer reports to third parties under contract for monetary compensation.

11. Upon information and belief, **EQUIFAX INFORMATION SYSTEMS, LLC.** ("*Equifax*") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

12. Upon information and belief, *Equifax* is a "consumer reporting agency," as defined in 15 U.S.C. §1681(f). Upon information and belief, *Equifax* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

13. Upon information and belief, *Equifax* disburses such consumer reports to third parties under contract for monetary compensation.

## FACTS

14. On or around October 14, 2011, Plaintiff received correspondence from *Bank of America* indicating that he was $17,376 past due on his mortgage loan.

15. On or around October 2011, Plaintiff obtained copies of his credit reports with *Experian*, *Trans Union*, and *Equifax* and learned that each were reporting a mortgage delinquency that did not exist.

16. Specifically, Plaintiff's credit files indicated that he was delinquent on his mortgage loan to *Bank of America* since May 2009.

17. This credit reporting was inaccurate because Plaintiff received a permanent loan modification effective March 2009 Plaintiff had made timely payments in accordance with the permanent modification through January 2010.

18. Additionally, Plaintiff entered into a Trial Period Plan in January 2010 through the federal government's Home Affordable Modification Program ("HAMP").

19. Plaintiff paid in accordance with his Trial Period Plan until July 2011, when he was denied a permanent modification.

20. After receiving his denial for a permanent modification through HAMP, Plaintiff resumed making his regular monthly mortgage payments.

21. On or around October 28, 2011, Plaintiff separately forwarded written dispute letters to *Experian*, *Trans Union*, and *Equifax* regarding the inaccurate mortgage account reporting within his credit reports. Plaintiff enclosed a copy of his loan modification he received from *Bank of America* and proof of payments made from May 2009 through October 2011.

22. On or around November 16, 2011, *Experian* responded to Plaintiff's dispute letter by stating that it was unable to use the information provided by the Plaintiff after careful review. This letter further indicated that *Experian* would respond with the results of its investigation within 45 days after it contacted the source of the data. However, *Experian* did not send Plaintiff any investigation results.

23. On or around November 17, 2011, *Trans Union* responded to Plaintiff's dispute with the results of its investigation. Despite the documents submitted to the

contrary, this letter indicated that Plaintiff was $17,195 past due on his mortgage loan. This letter also indicated that Plaintiff was delinquent on his mortgage loan from February 2009 through February 2012.

24. Plaintiff never received a response from his October 28, 2011 letter to *Equifax*.

25. On or around January 12, 2012, Plaintiff separately forwarded follow-up written dispute letters to *Experian*, *Trans Union*, and *Equifax* asking each credit bureau to conduct a proper investigation of his disputes. Plaintiff once again enclosed a copy of a loan modification he received from *Bank of America* and proof of payments made from May 2009 through October 2011.

26. On or around January 25, 2012, *Trans Union* responded to the follow-up dispute letters submitted by Plaintiff. Despite the documents submitted to the contrary, this letter indicated that Plaintiff was $19,178 past due on his mortgage obligation. This letter also indicated that Plaintiff had been delinquent since August 2009.

27. On or around January 25, 2012, *Equifax* responded to the follow-up dispute letters submitted by the Plaintiff. Despite the documents submitted to the contrary, this letter indicated that Plaintiff was $19,178 past due on his mortgage obligation. This letter also inaccurately stated that Plaintiff had been delinquent since May 2009.

28. On or around February 8, 2012, *Experian* responded to Plaintiff's follow-up dispute letter. Despite the documents submitted to the contrary, the results of *Experian's* investigation indicated that Plaintiff was $19,178 past due on his mortgage obligation.

29. The *Bank of America* reportings are false. Plaintiff has made each and every monthly mortgage payment to *Bank of America*.

30. *Experian*, *Trans Union*, and *Equifax* have knowledge that mortgage loan modifications often result in inaccurate credit reporting because of the lack of systems, procedures, and protocols to ensure accurate credit reporting during the loan modification process.

31. Defendants had actual knowledge of these inaccuracies and deliberately chose to ignore and permit reporting of the inaccurate account.

32. Upon information and belief, *Experian*, *Trans Union*, and *Equifax* each prepared and published to third parties multiple inaccurate consumer reports about Plaintiff which contained inaccurate derogatory information regarding his accounts.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORT ACT
## 15 U.S.C. § 1681e(b)
## (EXPERIAN, TRANS UNION and EQUIFAX)

33. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

34. *Experian*, *Trans Union*, and *Equifax* each violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff.

35. As a result of *Experian's*, *Trans Union's*, and *Equifax's* violations of 15 U.S.C. §1681e(b), the Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

36. The violations by *Experian*, *Trans Union*, and *Equifax* were willful, rendering each of the Defendants individually liable for punitive damages in an amount

to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Experian*, *Trans Union*, and *Equifax* were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. §1681o.

37. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian*, *Trans Union*, and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORT ACT
## 15 U.S.C. § 1681i(a)(1)
## (EXPERIAN, TRANS UNION and EQUIFAX)

38. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

39. *Experian*, *Trans Union*, and *Equifax* each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit files.

40. As a result of *Experian's*, *Trans Union's*, and *Equifax's* violations of 15 U.S.C. §1681i(a)(1), the Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

41. The violations by *Experian*, *Trans Union*, and *Equifax* were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Experian*, *Trans Union*, and *Equifax* were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. §1681o.

42. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian*, *Trans Union*, and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORT ACT
### 15 U.S.C. § 1681i(a)(2)
### (EXPERIAN, TRANS UNION and EQUIFAX)

43. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

44. *Experian*, *Trans Union*, and *Equifax* each violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide *Bank of America* with all the relevant information regarding the Plaintiff's dispute.

45. As a result of *Experian's*, *Trans Union's*, and *Equifax's* violations of 15 U.S.C. §1681i(a)(2), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

46. The violations by *Experian*, *Trans Union*, and *Equifax* were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Experian*, *Trans Union*, and *Equifax* were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. §1681o.

47. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian*, *Trans Union*, and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT FOUR: VIOLATION OF FAIR CREDIT REPORT ACT
### 15 U.S.C. § 1681i(a)(4)

**(EXPERIAN, TRANS UNION and EQUIFAX)**

48. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

49. *Experian*, *Trans Union*, and *Equifax* each violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by the Plaintiff.

50. As a result of *Experian's*, *Trans Union's*, and *Equifax's* violations of 15 U.S.C. §1681i(a)(4), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

51. The violations by *Experian*, *Trans Union*, and *Equifax* were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Experian*, *Trans Union*, and *Equifax* were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. §1681o.

52. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian*, *Trans Union*, and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

**COUNT FIVE: VIOLATION OF FAIR CREDIT REPORT ACT**
**15 U.S.C. § 1681i(a)(5)(A)**
**(EXPERIAN, TRANS UNION and EQUIFAX)**

53. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

54. *Experian*, *Trans Union*, and *Equifax* each violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

55. As a result of *Experian's*, *Trans Union's*, and *Equifax's* violations of 15 U.S.C. §1681i(a)(5)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

56. The violations by *Experian*, *Trans Union*, and *Equifax* were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Experian*, *Trans Union*, and *Equifax* were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

57. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian*, *Trans Union*, and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED**

MIGUEL ROCABRUNA

By _____
Counsel

Kristi C. Kelly, VSB#72791
Andrew J. Guzzo, VSB#82170
SUROVELL, ISAACS, PETERSEN & LEVY, PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030
(703) 251-5400 – Telephone
(703) 591-9285 – Facsimile
Email: kkelly@siplfirm.com
Email: aguzzo@siplfirm.com

Leonard A. Bennett, VSB#37523
Susan M. Rotkis, VSB#40693
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 – Telephone
(757) 930-3662 – Facsimile
Email: lenbennett@clalegal.com
Email: srotkis@clalegal.com